FILED

2014 FEB -6 PM 2: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  **ZFATY | BURNS**
2  ISAAC R. ZFATY, State Bar No. 214987
   irz@zfatyburns.com
3  3 Park Plaza, Suite 780
   Irvine, CA 92614
4  Telephone: (949) 398-8080
5  Facsimile: (949) 398-8081

6  Law Offices of Steven G. Polin
7  Steven G. Polin
   spolin2@earthlink.net
8  3034 Tennyson Street, NW
9  Washington, D.C. 20015
   Telephone: 202.331.5848
10 Facsimile: 202.537.2986
11 (pro hac vice application pending)

12 Attorneys for Plaintiff ANNA KIHAGI
13

14 **UNITED STATES DISTRICT COURT**
15 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16
17 ANNA KIHAGI, an individual
         Plaintiff,
18
         v.
19
20 CITY OF WEST HOLLYWOOD,
   CALIFORNIA, a California public
21 facilities corporation,
22       Defendant.

**CV14-00936 - PSG (JEMx)**

**COMPLAINT FOR:**

(1) **VIOLATION OF FAIR HOUSING ACT, 42 U.S.C § 3601;**

(2) **VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL.GOV'T CODE § 12926, 12927, 12955, 12955.7 AND 12955.8; and**

(3) **VIOLATION OF WEST HOLLYWOOD MUNICIPAL CODE § 9.28.030.**

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

## PRELIMINARY STATEMENT

In this housing discrimination action, Plaintiff, Anna Kihagi, claims that Defendant, City of West Hollywood, California ("City") has discriminated against her on the basis of her race, gender and sexual orientation in the manner in which it has enforced its building, property maintenance and construction codes. Ms. Kihagi is the principal in several limited liability corporations which owns real property located in the City. Specifically, this action concerns the code enforcement actions by the City against her and her properties which was enforced in such a manner which discriminated against Ms. Kirhagi on the basis of race, gender and sexual orientation. The City has attempted to prosecute Ms. Kihagi criminally for these code violations, when it does not do so against persons who are not a protected class under the federal Fair Housing Act.

The Plaintiff also seek declaratory, temporary, preliminary and permanent injunctive relief to enjoin the Defendants' conduct, as well as monetary damages, costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 3613.

2. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. Section 2201 and 42 U.S.C. Section 3613(c)(1), as well as Rules 57 and 65 of the Federal Rules of Civil Procedure. This Court has pendent jurisdiction over the state claims alleged in this matter pursuant 28 U.S.C. Section 1367(a).

4. Venue is proper in the United States District Court for the Central District of California as all acts complained of occurred within this District.

/ / / /
/ / / /
/ / / /

COMPLAINT

## PARTIES

5. Plaintiff, Anna Kihagi, is an African-American, heterosexual female. She is the managing member of 1263 North Crescent, LLC ("North Crescent") and Aquat 009, LLC, which owns or manages real property located within the boundaries of the City. She was the defendant in a criminal action brought by the Defendant for alleged building and construction violations relative to these properties.

6. Defendant, City of West Hollywood, California, is a public facilities corporation organized and existing pursuant to the laws of the State of California. The City is responsible for the acts of its agents and employees, and is responsible for the enforcement of its construction, building and property maintenance codes.

## STATEMENT OF FACTS

7. The population of the City of West Hollywood, according to the most recent census data, is 34,650.

8. According to census data, approximately 3.2% of the West Hollywood population is African-American. The white population is approximately 84.2% of the total population. The female population is approximately 43.8% of the population.

9 West Hollywood was the first city in the United States to have a city council with a majority of gay members.

10. Upon information and belief, the gay male population comprises approximately 41% of the total population.

11. On July 17, 2008, North Crescent notified the City that it was withdrawing eight (8) units located at 1263 N. Crescent Heights Blvd from the rental market pursuant to West Hollywood Municipal Code ("WHMC") Section 17.52.010(15), also known as the "Ellis Provision." At the time of the notification, four of the eight units were already vacant, with the prior tenants having vacated the units on their own accords.

12. Pursuant to the Ellis Provision and agreement with the City, the withdrawal of the units became effective July 17, 2009. Of the five remaining tenants as of July 17, 2009, four were gay.

13. One of the last tenants to vacate the property, John Sheehe, who is gay, complained to the City that the Plaintiff's invocation of the Ellis Provision was illegal and done for the purpose of taking the units off the market, so that she could re-rent them at a later date at the prevailing market rate.

14. Commencing July 17, 2009, the Plaintiff through North Crescent, began renovating 1263 N. Crescent Heights. The appropriate work and building permits were obtained from the City and were displayed as required by law.

15. On or about January 11, 2010, the City, through its Department of Code Compliance, issued seven (7) citations for violations of WHMC §19.30.030(P), Property Maintenance Standards, and WHMC §7.24.010, Standards for Vacant, Abandoned or Undeveloped Property.

16. WHMC §19.30.030(P) makes it a code violation when "A violation of any other provision of the Municipal Code or the Building Code that pertains to real property, structures, or which otherwise concerns the public health, safety, and general welfare."

17. WHMC §7.24.010 applies only to vacant, abandoned or underdeveloped property, and does not apply to property that is undergoing renovation or rehabilitation as long as the owner has obtained the proper work and building permits and that the permits are prominently displayed.

18. All work was completed at North Crescent in early 2012.

19. In 2012, the City commenced criminal proceedings against the Plaintiff for the citations that were issued in 2010 concerning the North Crescent property. The City alleged that the Plaintiff had violated the WHMC by performing plumbing work after the original permit had expired; that electrical work was

performed after the original permit had expired; and, that trash had accumulated in the backyard.

20. The Plaintiff renewed all the expired permits and proceeded to finish with the plumbing and electrical work. The work was completed in April, 2012.

21. The City and the Plaintiff entered into a deferred sentencing agreement to resolve the criminal citations. The term of the agreement was 18 months and would expire on November 12, 2013.

22. Just prior to the expiration of the deferred sentencing agreement, the City made an *ex parte* application to the Court in an attempt to revoke the agreement. The City alleged that the Plaintiff was either engaging in unpermitted construction at other properties, or that the properties were being maintained in violation of the property maintenance code.

23. The Court denied the City's application for *ex parte* relief.

24. On or about July 18, 2013, the City approved a building permit application for 1231 N. Vista, a property in which the Plaintiff is the managing director.

25. The approved building permit allowed for minor remodeling of two bathrooms and the kitchen- reface cabinets only, remove and replace front door, change out closet doors and change water heater enclosure.

26. On or about July 31, 2013, the property was inspected by Code Compliance Officer Jeffrey Jones.

27. Mr. Jones is a white, male. Upon information and belief, Mr. Jones is gay.

28. During his inspection, Mr. Jones alleged that he observed a property maintenance code violation at the 1231 N. Vista property.

29. Mr. Jones alleged that the N. Vista property's parkway contained a tripping hazard, as well as lack of landscaping and overgrown and dead vegetation

1 all in violation of WHMC property maintenance requirements. He sent a warning
2 notice to the Plaintiff concerning these alleged code violations.

3     30.   This warning was issued notwithstanding that the same tripping
4 hazards existed at the property that was adjacent to 1231 N. Vista.

5     31.   Upon information and belief, the adjacent property is either owned or
6 managed by non-African-Americans.

7     32.   On or about August 7, 2013, Mr. Jones returned to the property and
8 observed that construction work was continuing even though proper permits had not
9 been obtained. He issued a stop work order.

10     33.   On or about August 14, 2013, after consulting with "Building and
11 Planning and Safety" he issued a notice of violation.

12     34.   On or about August 13, 2013, Mr. Jones returned to the property and
13 observed that no corrective action had been taken concerning the tripping hazard on
14 the parkway, nor with the removal of the vegetation and plant material.

15     35.   On or about August 13, 2013, Mr. Jones issued a notice of violation to
16 the Plaintiff.

17     36.   On or about August 15, 2013, Mr. Jones inspected real property
18 located at 1220 N. Formosa, a property managed by an LLC in which the Plaintiff is
19 managing director.

20     37.   On or about August 15, 2013, Mr. Jones issued a citation for a
21 "tripping hazard" on the parkway, and for failure to properly landscape the
22 property.

23     38.   Properties that are adjacent to 1220 N. Formosa have similar tripping
24 hazards and "improper" landscaping. These properties are owned or managed by
25 non-African-Americans and were not the subject of citations for violations for
26 property code maintenance violations.

27 / / / /
28 / / / /

39. The nature of the landscaping violations and trip hazards was that the soil level had to be raised in the City planters to the same level as the concrete walkway so as not to constitute a trip hazard. This was corrected by the Plaintiff.

40. On another occasion in the summer of 2013, Mr. Jones and another inspector, Phillip Branenburg, inspected 1237 N. Orange, a property in which the Plaintiff is the managing director. They inspected the interior stairs and hand railings to determine if these items were of the proper size. They also inspected a small set of stairs leading to the parking lot. The exterior rear staircase measures 10 feet by 5 feet. The inspectors individually measured 15 steps to determine if each step, which was required by WHMC to be 7 inches high and 11 inches wide, was in compliance. Two of the stairs did not meet these requirements, and were promptly repaired. They then measured each rail, of which there were over 100, to determine if rail was 4 inches apart. Four rails did not meet this requirement. These were promptly repaired. When the Plaintiff made an appointment for reinspection, neither Mr. Jones nor Mr. Brandenburg showed up at the appointed time.

41. At a sentencing hearing on revocation of the deferred sentencing agreement in the fall of 2013, the Defendant attempted to use the incidents described above as a basis for revocation of the agreement and to have the Plaintiff sentence for violating the agreement. The City alleged that the Plaintiff did not obtain the building permits for these properties in a timely manner. The City did not give the Plaintiff notice that it was intending to use these "incidents of no permit" as a basis for revocation of the deferred sentencing agreement. The Court rejected this argument finding that due to the nature of the work and the type of firms that had to be involved, the Plaintiff's efforts were diligent and reasonable. The Court rejected this attempt to revoke the agreement and to incarcerate the Plaintiff as the Court found that the City failed to provide proper notice. In addition, the Court found that the Plaintiff had complied with the Building Code by obtaining the proper building permits. The Court also found that the City had

COMPLAINT

unclean hands by failing to attend subsequent appointments to approve the work that had been performed.

42. At a subsequent sentencing hearing, the City attempted a second time to revoke the deferred sentencing based on violations involving the 1237 N. Orange property described above.

43. Plaintiff is an aggrieved person as she is a protected class as under the Fair Housing Amendments act of 1988, 42 U.S.C. Section 3602(d) and (I), who has been injured by Defendant's discriminatory conduct and has suffered damages, economic loss and a loss of civil rights as a result of the Defendant's conduct.

44. 1263 N. Crescent Heights, 1231 N. Vista, 1220 N. Formosa and 1237 N. Orange are dwellings within the meaning of section 802(b) of the Fair Housing Act, 42 U.S.C. Section 3602(b).

45. The City of West Hollywood is treating the Plaintiff in a discriminatory fashion, and is utilizing its police and code enforcement powers in a manner that imposes more stringent requirements upon racial minorities and women than it imposes upon non-African-Americans and males who own or manage dwellings in the City of West Hollywood.

46. The City of West Hollywood has acted under color of state law in failing to affirmatively further fair housing in its code enforcement activities with the purpose and effect of discriminating against Plaintiff solely because of her race and gender, and applying those codes so as to deny Plaintiff the residential opportunities available to persons who are white.

47. The City of West Hollywood has utilized its police powers and code enforcement authority to threaten, intimidate, harass and coerce the Plaintiff after she has exercised her rights under the Federal Fair Housing Act.

48. The City of West Hollywood is intentionally harassing, intimidating and interfering with the Plaintiff and persons associated with the plaintiff with the intent of preventing her from using, owning and managing property within the City.

**COMPLAINT**

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Violation of the Fair Housing Act, 42 U.S.C. § 3601)

49. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 48 above as if fully set forth herein.

50. Defendant, The City of West Hollywood, is violating Plaintiff's rights under the Fair Housing Act, 42 U.S.C. Sections 3601, et. seq, and its implementing regulations by:

    a. denying and otherwise making housing unavailable to the Plaintiff because of her race and gender;

    b. using its police powers as a pretext to exclude the Plaintiff because of her race and gender;

    c. interfering with the right of the Plaintiff to provide housing;

    d. discriminating in the terms, conditions or privileges of sale or rental of housing or in the provision of services or facilities in connection with housing because of her race and gender; and,

    e. retaliating against Plaintiff because of her exercise of her fair housing rights.

## SECOND CLAIM FOR RELIEF

### (Violation of California Fair Employment and Housing Act)

51. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 50 above as if fully set forth herein.

52. Defendant, The City of West Hollywood, is violating Plaintiff's rights under the California Fair Employment and Housing Act, Cal. Gov't Code Sections 12926, 12927, 12955, 12955.7 and 12955.8 by:

    a. denying and otherwise making housing unavailable to the Plaintiff because of her race, sexual orientation and gender;

////

COMPLAINT

b. using its police powers as a pretext to exclude the Plaintiff because of her race, sexual orientation and gender;

c. interfering with the right of the Plaintiff to provide housing;

d. discriminating in the terms, conditions or privileges of sale or rental of housing or in the provision of services or facilities in connection with housing because of her race, sexual orientation and gender and,

e. retaliating against Plaintiff because of her exercise of her fair housing rights.

## THIRD CLAIM FOR RELIEF

**(Prohibition on the basis of Sexual Orientation and Gender Identity)**

53. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 52 above as if fully set forth herein.

54. The City of West Hollywood is violating Plaintiff's rights under WHMC Section 9.28.030 by:

a. denying and otherwise making housing unavailable to the Plaintiff because of her race, sexual orientation and gender;

b. using its police powers and code enforcement authority as a pretext to exclude the Plaintiff because of her race, sexual orientation and gender;

c. interfering with the right of the Plaintiff to provide housing on the basis of her race, sexual orientation and gender;

d. discriminating in the terms, conditions or privileges of sale or rental of housing or in the provision of services or facilities in connection with housing because of her race, sexual orientation, and gender; and,

e. retaliating against Plaintiff because of her exercise of her fair housing rights.

/ / / /

/ / / /

/ / / /

- 10 -

**COMPLAINT**

## RELIEF SOUGHT AS TO ALL COUNTS

**WHEREFORE**, Plaintiff prays that the Court award her the following relief:

1. Enter a temporary restraining order and/or preliminary and permanent injunctions restraining Defendant, City of West Hollywood, California from taking actions either directly or indirectly which would interfere in any way with Plaintiff's current use of the dwellings located 1263 N. Crescent Heights, 1231 N. Vista, 1220 N. Formosa and 1237 N. Orange, West Hollywood, California;

2. Enter a declaratory judgment that Defendant, The City of West Hollywood, California, has illegally discriminated against Plaintiff by arbitrarily and capriciously utilizing its police powers and code enforcement authority at 1263 N. Crescent Heights, 1231 N. Vista, 1220 N. Formosa and 1237 N. Orange, thereby interfering with the Plaintiff's equal opportunity to use and enjoy the properties, in violation of the Fair Housing Act;

3. Enter a temporary restraining order and/or preliminary and permanent injunctions enjoining Defendant, the City of West Hollywood, California, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them, from interfering with the operation of 1263 N. Crescent Heights, 1231 N. Vista, 1220 N. Formosa and 1237 N. Orange;

4. Award compensatory damages;

5. Grant an award of reasonable costs and attorneys' fees; and,

6. Order other such relief as the Court deems just and proper.

Dated: February 6, 2014

ISAAC R. ZFATY
Attorneys for Plaintiff Anna Kihagi

- 11 -
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

Dated: February 6, 2014

_____
ISAAC R. ZFATY
Attorneys for Plaintiff Anna Kihagi

**COMPLAINT**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| ANNA KIHAGI, an individual<br><br>*Plaintiff(s)*<br>v.<br>CITY OF WEST HOLLYWOOD, CALIFORNIA, a California public facilities corporation,<br><br>*Defendant(s)* | Civil Action No. **CV14-00936-PSG (JEM)** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CITY OF WEST HOLLYWOOD, CALIFORNIA
8300 Santa Monica Boulevard
West Hollywood, California 90069

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   ZFATY | BURNS
ISAAC R. ZFATY
3 Park Plaza, Suite 780
Irvine, CA 92614

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: FEB - 6 2014

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br><br> ANNA KIGAHI, an individual | **DEFENDANTS** (Check box if you are representing yourself ☐) <br><br> THE CITY OF WEST HOLLYWOOD, CALIFORNIA, a public facilities corporation |
| (b) County of Residence of First Listed Plaintiff: Los Angeles <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant: Los Angeles <br> (IN U.S. PLAINTIFF CASES ONLY) |
| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. <br><br> ZFATY \| BURNS, Isaac R. Zfaty (SBN 214987) <br> 3 Park Plaza, Suite 780, Irvine, CA 92614 <br> (949) 398-8080 | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Fair Housing Act, 42 U.S.C section 3601; Violation of Ca. Fair Employment and Housing Act, Cal.Gov't Code Sections 12926, 12927, 12955, 12955.7 & 12955.8, and Violation of West Hollywood Municipal Code section 9.28.030.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    **CV14-00936**

CV-71 (11/13)    CIVIL COVER SHEET    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. ||

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN DIVISION |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_     DATE: 02-06-2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge  Philip S. Gutierrez  and the assigned Magistrate Judge is  John E. McDermott  .

The case number on all documents filed with the Court should read as follows:

### 2:14-CV-00936-PSG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 6, 2014
Date

By  MDAVIS
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)   NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES